104 F.3d 355
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Thomas CELLA, Plaintiff-Appellant,
v.
UNITED STATES Postal Service, Defendant-Appellee.
 No. 96-6090.
 United States Court of Appeals, Second Circuit.
 Dec. 9, 1996.
 
 Appeal from the United States District Court for the Eastern District of New York (Joanna Seybert, Judge).
 APPEARING FOR APPELLANT: Sam Panish, New York, N.Y.
 APPEARING FOR APPELLEE: Richard K. Hayes, Asst. U.S. Atty., Brooklyn, N.Y.
 E.D.N.Y.
 AFFIRMED.
 PRESENT: NEWMAN, Chief Judge. WINTER, and WALKER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the District Court is hereby AFFIRMED.
 
 
 3
 Thomas Cella appeals from the January 19, 1996, order of the District Court dismissing by summary judgment his action seeking reinstatement to his former position of Postal Service worker. Judge Seybert determined that Cella could not maintain the suit because he had failed to exhaust the contractual remedies provided for in the collective bargaining agreement of the American Postal Workers Union (the "APWU"). Cella contends that the collective bargaining agreement does not apply to his claim.
 
 
 4
 From August 1973 to March 1974, and again from June 1974 to August 1988, Cella was an employee of the United States Postal Service. Beginning in 1986, Cella had psychiatric problems, pursuant to which he was hospitalized for two months ending on July 30, 1988. On August 1, 1988, Cella tendered a written resignation from his Postal Service position. He claims that this resignation caused him to lose over 1,000 hours of accumulated sick leave, as well as the opportunity to apply for a disability retirement.
 
 
 5
 One and a half years later, Cella, through his attorney, wrote to the Postal Service seeking to rescind his resignation. He asserted that his mental illness had rendered him incapable of tendering a voluntary resignation, and that his resignation was ineffective because he was entitled to but did not receive a formal exit interview before it was accepted.
 
 
 6
 The Postal Service declined to rescind the resignation, but suggested that Cella "apply for reinstatement." Cella did not apply for reinstatement. Instead, he filed the present action seeking, in addition to reinstatement, all benefits he was entitled to at the time of his resignation as though the resignation had never occurred.
 
 
 7
 As a Postal Service worker, Cella was a member of the APWU. The APWU's collective bargaining agreement provides a four-step grievance procedure for all disputes concerning "wages, hours, and conditions of employment," including all employee complaints involving the interpretation or application of the terms of the collective bargaining agreement itself. According to the Postal Service, Cella's claim for reinstatement with benefits should have been brought pursuant to the grievance procedure, and since Cella failed to exhaust this contractual remedy, the District Court was without authority to hear the claim.
 
 
 8
 In response, Cella cites a section of a handbook entitled "The Postal Service Employee and Labor Relations Manual," which provides:
 
 
 9
 All employees voluntarily separated are interviewed. The Exit interview gives management the opportunity to:
 
 
 10
 A. Determine the true reasons why employees wish to leave the postal service.
 
 
 11
 ....
 
 
 12
 Cella states that this section entitled him to an exit interview wherein management would have been able to determine that the true reason for his resignation was his mental illness, and not really his expressed desire to seek other employment. The denial of this entitlement is alleged to create a right of action outside the confines of the grievance procedure.
 
 
 13
 Cella's contentions on appeal are that his claim for rescission of his resignation is not subject to the terms of the collective bargaining grievance procedure because it is not a dispute concerning wages, hours, or working conditions; that his dispute challenging the failure of the Postal Service to give him an exit interview is likewise not covered by the grievance procedure; and that on account of his mental illness, his resignation from the Postal Service is void because it was not voluntary.
 
 
 14
 Whether or not Cella's resignation was voluntary, the contractual remedy provided by the collective bargaining agreement applies to his claim, the core of which is his request for reinstatement of accumulated sick leave and other benefits. Though his claim also challenges the failure of the Postal Service to hold an exit interview, the claim nonetheless relates specifically to conditions of employment, and thus is subject to the terms of the grievance procedure of the collective bargaining agreement.
 
 
 15
 Cella did not exhaust his contractual remedy. Nor has he demonstrated that his failure to exhaust should be excused. See Clayton v. International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, 451 U.S. 679 (1981); Vaca v. Sipes, 386 U.S. 171 (1967). As a result, we decline to reverse the order granting summary judgment and dismissing the complaint.